HORTON, Judge.
This was an action for personal injuries brought under the Federal Employers’ Liability Act, 45 U.S.C.A. § 51 et seq. Final judgment in favor of the appellee was entered after a jury verdict. The appeal is from the final judgment.
Smith, 61 years of age, had been in the employ of the appellant railroad for approximately 37 years. For the last five or six years of his employment, Smith had been a flagman on passenger trains. His duties as a flagman were relatively few unless the train made an emergency stop or was otherwise delayed, in which event, he was required to set flares and place other warning signals at least one mile down the track to avert possible danger from oncoming trains.
For some time, Smith had suffered from arthritis and obesity. In the early part of 1956, a trainmaster of the appellant observed Smith’s handicapped condition and questioned his ability to perform the duties of a flagman. An attempt was made to persuade Smith to retire but he declined. The appellant then authorized a “field test” to determine if Smith was capable of performing the duties of flagman. This test consisted of walking a mile along the railroad track from one mile post to another, since this would coincide with the duties Smith would be required to perform under emergency conditions. After traversing some 3,000 feet of the mile walk, Smith fell in exhaustion and injured his knee. He was hospitalized, returned to his home but never returned to work. Smith attributed his fall and injuries to two factors, i. e., walking on gopherberry leaves which caused the soles of his shoes to become slippery, and becoming entangled in wire lying along the track.
The negligent acts or omissions charged in the complaint were:
(1) Requiring the appellee to participate in a field test;
(2) Allowing agents of appellant to conduct a field test;
(3) Furnishing a dangerous and unsafe location to conduct a field test;
(4) Furnishing a dangerous and unsafe place in which to work;
(5) Failure to use ordinary care in providing a safe place of work;
(6) Failure to provide a reasonably safe place to work;
(7) Failure to provide proper equipment and safeguards in the performance of duties and participation in a field test; and
(8) Failure to provide adequate supervision and instructions in conducting the field test.
 The appellant’s main point for reversal is the prejudicial manner in which the trial was conducted on behalf of the ap-pellee. There was no justiciable issue, at least under the Federal Employers’ Liability Act, that could be raised as to the propriety or right of the appellant to give the test. If the appellee were aggrieved, he had a remedy for such grievance under the Railway *870 Labor Act, 45 U.S.C.A. § 151 et seq. Consequently we do not consider that items 1 and 2 under the charge of negligence, supra, constituted triable issues. The real issue in the case, which was apparently forgotten, was whether the appellant provided a reasonably safe place for appellee to work or perform the duties assigned him. Seaboard Air Line R. Co. v. Gentry, Fla.1950, 46 So.2d 485; Seaboard Air Line R. Co. v. Hardee, Fla.1951, 54 So.2d 809.
We have carefully reviewed the record in this cause, including the opening statements of counsel to the jury prior to the trial and the statements of counsel to the jury after the close of all the testimony, and are impelled to the conclusion that this case was tried upon an immaterial issue tending toward and resulting in an unfair trial to the appellant. A large portion of appellee’s opening statement to the jury prior to the trial spotlighted the theme upon which this cause was tried, namely, that appellant was “out to get” the appellee, that the test was never given to anyone before in the history of the railroad, and was a scheme cooked up to get rid of the appellee. Appellee’s counsel, in his argument after the testimony had been completed, dwelled at length on the “get rid of Bert Smith” attitude and conduct of appellant. Appellee’s concluding statement in his main argument at the close of all the testimony was:
“Now I think you could stand up here and say that this was a dirty, rotten trick they pulled on this guy because that’s my personal opinion. They were out to get him, and they did. They got him good; they got him so he won’t work any more for them, and the law says — not my law — not the judge’s law, but your law — says that under those circumstances they should pick up the check.”
The appellee’s entire case as reflected by this record conclusively indicates that it was premised upon the claim that appellant’s conduct in requiring the appellee to take a field test was unlawful and that all of his injuries and damages resulted from such unlawful act. Nowhere in the pleadings has the appellee sought punitive damages. It is readily apparent that the jury could have been and was misled as to what the real issues were in the case. It would serve little purpose to delineate the many incidents appearing in the record which illustrate the basis for our conclusion that the cause should be reversed. However, the immateriality of the issues raised, as well as their prejudicial effect, were pointed out to the trial judge by appellants’ motion for new trial. The motion should have been granted.
An appellate court is always reluctant to reverse a judgment based on a jury verdict for in doing so, it of necessity must sit in judgment of the facts which appear in a cold typed record without the benefit of observing the demeanor and conduct of the witnesses on the stand. However, it is another matter to reverse a cause for new trial when the record of that trial clearly shows that the cause was tried on immaterial issues serving to implant in the minds of a jury prejudice or bias against one of the parties. We do not attribute to appel-lee’s counsel sinister motives but rather an overzealousness for the interests of his client. However, when the result raises an emotional prejudice in the minds of the jury on an immaterial issue, then justice has been thwarted and the parties have been denied a fair and impartial trial of their cause. Cf. Seaboard Air Line Railroad Company v. Strickland, Fla.1956, 88 So.2d 519, and Seaboard Air Line Railroad Company v. Ford, Fla.1957, 92 So.2d 160, 165.
In view of the opinions expressed, we do not consider it necessary to discuss the other points raised by appellants. Accordingly, the judgment appealed from is reversed and the cause is remanded for a new trial.
Reversed and remanded.
CARROLL, CHAS., C. J., and PEARSON, J., concur.