SMITH *v.* BUTLER ET AL., TRUSTEES.

No. 313.   Argued March 27–28, 1961.—Decided April 24, 1961.

*William S. Frates* argued the cause and filed a brief for petitioner.

*Harold B. Wahl* argued the cause for respondents. With him on the brief was *E. F. P. Brigham.*

PER CURIAM.

The petition for certiorari in this case raised solely a question regarding the bearing of the Railway Labor Act on the enforcement of the Federal Employers' Liability Act.   The petition was granted.   364 U. S. 869.   After full argument and due consideration, it became manifest that the course of litigation and the decisions in the Florida courts did not turn on the issue on the basis of which certiorari was granted.   Accordingly, the writ is dismissed.

MR. JUSTICE BRENNAN, with whom THE CHIEF JUSTICE and MR. JUSTICE BLACK join, dissenting.

I cannot agree that, as the Court says, the petition for certiorari in this case "raised solely a question regarding the bearing of the Railway Labor Act on the enforcement of the Federal Employers' Liability Act." The issue actually tendered is the familiar one whether a reviewing

court properly deprived an FELA claimant of a jury verdict on the ground that the evidence was insufficient to support the finding of the carrier's negligence. The Court relies upon "the course of litigation and the decisions in the Florida courts." My reading of what occurred in the Florida courts makes manifest to me that the issue under the Question Presented in the petition is as to the sufficiency of the proofs to establish negligence.

The petitioner was a flagman in the employ of Florida East Coast Railway. He brought this action under the Federal Employers' Liability Act, 45 U. S. C. § 51 *et seq.,* in the Circuit Court of Dade County, Florida. He alleged that he suffered injuries in the course of his employment while taking a "field test" which the carrier required him to take along its right of way and tracks in Florida. He alleged eight grounds of negligence but has abandoned six and we are concerned only with two, namely that the carrier violated the Federal Employers' Liability Act, "(a) In negligently and unlawfully requiring the plaintiff to participate in such a 'field test'; (b) In negligently allowing its servants, agents or supervisors to conduct such a 'field test.' " At the close of petitioner's case at the trial, the carrier made a motion to dismiss the claim alleged under allegations (a) and (b), on the ground that those allegations "pertain to the right to give a field test." Respondents contended that such a claim, if cognizable at all, was cognizable not under the Federal Employers' Liability Act but only as a grievance within the exclusive cognizance of the National Railroad Adjustment Board created under the Railway Labor Act, 45 U. S. C. § 153, First (i) ; see *Union Pacific R. Co.* v. *Price,* 360 U. S. 601. The trial judge denied the motion and ruled that the gravamen of the petitioner's claim was not that respondents could not require petitioner to take a test, but that, "knowing his physical condition," the carrier was negligent in requiring the petitioner to take

the particular test. The trial judge also denied the carrier's motion for a directed verdict grounded on the alleged insufficiency of the proofs to establish negligence. The jury returned a verdict for the petitioner. The Florida District Court of Appeal, Third District, reversed and remanded the case for a new trial. 104 So. 2d 868.

On remand counsel for both parties and the trial judge discussed at length what it was the Court of Appeal held. There was agreement that the opinion of the Court of Appeal was ambiguous. It might be read to ground the reversal on the finding by the Court of Appeal that the cause was pleaded and tried on a claim not actionable under the Federal Employers' Liability Act but, if at all, under the Railway Labor Act. This is suggested by the language in the opinion, "If the appellee were aggrieved, he had a remedy for such grievance under the Railway Labor Act." 104 So. 2d, at 869–870. On the other hand, the opinion might also be interpreted as grounding the reversal on the insufficiency of the evidence to prove negligence, because the petitioner, while assuming the right of the carrier to give the test, had failed to show that it was negligent in the circumstances proved for the carrier to require the petitioner to take the test. Support for this interpretation is in the statement of the opinion that "The appellee's entire case as reflected by this record conclusively indicates that it was premised upon the claim that appellant's conduct in requiring the appellee to take a field test was unlawful and that all of his injuries and damages resulted from such unlawful act." 104 So. 2d, at 870.

The trial judge finally concluded that the opinion of the Court of Appeal was to be read as resting the reversal upon the latter ground. The trial judge stated, "I think that I am inclined to agree with [petitioner's counsel] that they [the Court of Appeal] just didn't say requiring a field test was improper. They said, 'requiring the

appellee to participate in a field test,' and they had the field test that was conducted when they wrote this opinion, and if their opinion means anything to us at all, I think we have got to follow it to the extent of our interpretation of their words and what they meant." The trial judge ruled further that a cause of action for negligence on the part of the carrier in giving the particular test "would be included" in allegation (a) above quoted.

The record on remand thus plainly reveals that the trial judge agreed with petitioner's argument that allegations (a) and (b) of the complaint pleaded, and the parties had tried, a cause of action under the Federal Employers' Liability Act.

Counsel for the carrier admitted during the colloquy on the remand that if this was the cause of action pleaded and tried, the claim was actionable under the Federal Employers' Liability Act. Carrier's counsel went further. He said, "I think the proofs so far justify it, but if they want to travel on that issue, I think they could amend." Petitioner's counsel was willing to amend but insisted that the case had been pleaded and tried on that theory and that no amendment was necessary. No formal amendment was made, obviously because the trial judge ruled that the theory was embraced within allegation (a). However, petitioner's counsel desired to apply for review of the Court of Appeal's determination as rested, as the trial judge had interpreted its opinion, on the ground that the evidence was insufficient to present a jury question of negligence. But, since a new trial was ordered by the Court of Appeal, there could be no final judgment review of which might be sought until a judgment was entered on the retrial. In order to obtain such a judgment without retrying the case, petitioner's counsel proffered the trial record of the first trial as his only proof at the retrial. He expressly stated that his posi-

tion was that the trial record was sufficient "to prove that the railroad either knew or should have known that Bert Smith was physically unable to take that test and likely to be injured if he took it, and in spite of what the railroad knew or should have known, they gave him the test." The trial judge accepted the proffer over the carrier's objection, but ruled that he was bound by the Court of Appeal's holding that that record did not suffice to raise a jury question of negligence. "[U]nder the testimony that was adduced before on this point, that I would rule that there was no proper issue of evidence to submit to the jury of negligence on requiring him to take this particular field test under the testimony." The judge accordingly directed the entry of a judgment in favor of the carrier. Obviously the case went to the District Court of Appeal the second time with this gloss of the trial judge's interpretation of that Court's earlier opinion. Therefore, when the District Court of Appeal, *per curiam,* affirmed "upon the authority" of its previous opinion, 118 So. 2d 237, the affirmance sustained the trial judge's interpretation of the reversal as having rested, not on the ground that the Railway Labor Act precluded the petitioner's claim under the Federal Employers' Liability Act, but on the ground that the evidence of negligence was insufficient to support a recovery on the claim properly pleaded under the latter statute. The Supreme Court of Florida, in an unreported minute, denied petitioner's petition for certiorari. We granted his petition to this Court, 364 U. S. 869.

Against this background of "the course of litigation and the decisions in the Florida courts" the Question Presented, if plain English is to have its ordinary meaning, is whether the Florida Court of Appeal correctly determined that the evidence at the first trial was insufficient to raise a jury question of the alleged negligence of the

carrier in requiring the petitioner, knowing his physical condition, to take the field test. For the Question Presented is as follows:

"Did the Florida Appellate Court err in holding that when a railroad employee sustains personal injuries while performing an alleged physical fitness field test ordered by the railroad that the provisions of the Railway Labor Act, 45 U. S. C., Section 151, *et seq., preclude him from claiming that the giving of such a test under the facts and circumstances of this case was an act of negligence under the Federal Employers' Liability Act,* 45 U. S. C., Section 51, et seq.?" (Emphasis supplied.)

Although the members of the Court have disagreed whether we should grant review of these cases, when they are brought here all of us except my Brother FRANK-FURTER believe that we have the duty to decide them on the merits. Viewing the issue presented for our review I have read the trial record. I need not rely solely on my own conclusion that the evidence plainly presented a jury question "whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury . . . for which damages are sought." *Rogers v. Missouri Pacific R. Co.,* 352 U. S. 500, 506. I may summon to my support the concession of the carrier's counsel that on that issue "the proofs so far justify it." I would reverse and remand the cause with direction to enter an order reinstating the judgment in favor of the petitioner.

MR. JUSTICE DOUGLAS joins this opinion except that he would remand for a new trial. He believes that the District Court of Appeal was correct in holding that the jury trial was not a fair one. See *Butler v. Smith,* 104 So. 2d 868.