## QUINN, COMMISSIONER, CHICAGO FIRE
## DEPARTMENT *v.* MUSCARE

No. 75–130. Argued March 30, 1976—Decided May 3, 1976

*William R. Quinlan* argued the cause for petitioner. With him on the briefs were *Daniel Pascale* and *Edmund Hatfield*.

*Linda R. Hirshman* argued the cause for respondent. With her on the brief was *Robert S. Sugarman.**

Per Curiam.

The respondent, a lieutenant in the Chicago Fire Department, was suspended from his job for a 29-day period in 1974 as a result of charges related to his violation of

---

*Briefs of *amici curiae* urging affirmance were filed by *Michael P. Bucklo* and *David A. Goldberger* for the Illinois Division of the American Civil Liberties Union; by *Jerry D. Anker* for the Coalition of American Public Employees; and by *Victor J. Cacciatore* for the Chicago Patrolmen's Assn.

*J. Albert Woll, Robert C. Mayer,* and *Laurence Gold* filed a brief for the American Federation of Labor and Congress of Industrial Organizations as *amicus curiae*.

the department's personal-appearance regulation.[1] Following the suspension, the respondent brought an action in the United States District Court for the Northern District of Illinois seeking an injunction and backpay on the ground that the regulation infringed his constitutional right to determine "the details of his personal appearance."[2] The department defended the challenged regulation as a safety measure designed to insure proper functioning of gas masks worn by firefighters and as a means of promoting discipline in the department and the uniform, well-groomed appearance of its members. After a hearing focusing on the operation of the self-contained breathing apparatus used by members of the department, the District Court found that the personal-appearance regulation was justified "on safety grounds"

---

[1] The personal-appearance regulation provided:

"All members of the Chicago Fire Department shall present a clean and proper appearance in personal care and attire at all times. The face shall be clean-shaven, except that a non-eccentric mustache is permissible. Mustaches shall not extend beyond a line perpendicular to the corner of the mouth and the full upper lip must be readily visible. Sideburns shall be trimmed short and shall be no lower than a line from the middle of the ear.

"Hair shall be worn neatly and closely trimmed, and the hair outline shall follow the contour of the ear and slope to the back of the neck. It will be gradually tapered overall, in order to present a neat appearance." § 51.133 of the Rules and Regulations of the Chicago Fire Department.

The respondent was also charged with conduct unbecoming a member of the Chicago Fire Department, § 61.001, and disobedience of orders, § 61.006, in connection with his failure to conform his appearance to the above regulation.

[2] The respondent contended that the personal-appearance regulation violated his "rights to personal freedom guaranteed by the First, Third, Fourth, Fifth, Ninth, and Fourteenth Amendments." In addition, he claimed that the regulation proscribing conduct unbecoming a member of the department was vague and overbroad and that his suspension without a prior hearing was unconstitutional.

and that the respondent's goatee violated the regulation. Explaining that the other regulations cited in the discharge notice were not "relevant or pertinent to the issues," the court denied the respondent's motion for injunctive relief.

The Court of Appeals for the Seventh Circuit reversed, holding that the respondent "was suspended without procedural due process." [3] The appellate court concluded that the Constitution requires "that some opportunity to respond to charges against him be made available to the governmental employee prior to disciplinary action against him." The Court of Appeals did not dispute the District Court's determination that "the only issue" was whether the suspension for having a goatee was "justifiable under the circumstances." Although it did not reach the merits of the respondent's challenge to the constitutionality of the hair regulation, the Court of Appeals did note that the regulation "does not appear to be co-extensive with the need for safe and efficient use of gas masks and, if that is the sole justification, might well be more narrowly drawn."

Following the grant of certiorari and the oral argument in this case, this Court in another case upheld a police department hair regulation similar to that challenged by the respondent in the present litigation. *Kelley* v. *Johnson, ante,* p. 238. In that case, we concluded that "the overall need for discipline, esprit de corps, and uniformity" defeated the policeman's "claim based on the liberty guaranty of the Fourteenth Amendment." *Ante,* at 246, 248. *Kelley* v. *Johnson* renders immaterial the District Court's factual determination regarding the

---

[3] Although the respondent had not been afforded a pre-suspension hearing he had a right to a post-suspension hearing before the Civil Service Commission. The Commission was empowered to award backpay and to order the deletion of the suspension from the employee's service record.

safety justification for the department's hair regulation about which the Court of Appeals expressed doubt. Moreover, after the grant of certiorari, this Court was informed that the Civil Service Commission of the city of Chicago had revised its rules to provide for presuspension hearings in all nonemergency cases.[4] While this voluntary rule change was subject to rescission, counsel for the petitioner candidly advised the Court at oral argument that even if the petitioner should prevail, it was very doubtful that the Commission would revert to its former suspension procedures.

In view of these developments, the writ of certiorari is dismissed as improvidently granted.

*So ordered.*

Mr. Justice Stevens took no part in the consideration or decision of this case.

---

[4] Although the new rule was adopted in August 1975, before the grant of certiorari on October 14, 1975, it was first brought to our attention in the respondent's brief filed on February 4, 1976. The revised procedures providing an opportunity for a pre-suspension hearing apply to all Chicago civil service employees except members of the police department, who are governed by a different set of similar rules.