Edwin **GADBERRY**, III, et al., Plaintiffs,

v.

James R. **SCHLESINGER** et al., Defendants.

Civ. A. No. 75–0187–R.

United States District Court, E. D. Virginia, Richmond Division.

July 26, 1976.

Edwin Gadberry, III, Richmond, Va., for plaintiffs.

Charles L. Beard, Asst. U. S. Atty., Richmond, Va., for defendants.

## MEMORANDUM

MERHIGE, District Judge.

Plaintiffs, members of the Virginia Air National Guard, bring this action challenging certain Air Force grooming regulations. Having previously disposed of several issues, the Court must now determine whether the regulations involve impermissible sexual discrimination as contended by plaintiffs. Memoranda by all parties have been submitted in support of their respective positions and there being no controverted factual disputes, the matter is ripe for disposition on cross-motions for summary judgment.

The parties agree that the regulations establish different standards for length of natural hair as between men and women. Both sexes, however, are subject to the identical provision concerning appearance in general. The Air Force, in short, requires its members to maintain what it considers to be a neat and clean appearance—one that projects a military image. The specific components of this image do, understandably, vary on the basis of gender.

The defendants' "choice of organization, dress, and equipment . . . is a decision entitled to . . . [a] presumption of validity . . ." *Kelley v. Johnson,* 425 U.S. 238, at 247, 96 S.Ct. 1440, at 1445, 47 L.Ed.2d 708, 44 U.S.L.W. at 4472 (1976). Gender-based distinctions in military policy are to be upheld so long as they are rationally related to a legitimate governmental interest and not merely based on administrative convenience. Compare *Schlesinger v. Ballard,* 419 U.S. 498, 95 S.Ct. 572, 42 L.Ed.2d 610 (1975) with *Frontiero v. Richardson,* 411 U.S. 677, 93 S.Ct. 1764, 36 L.Ed.2d 583 (1973). *See also Stanton v. Stanton,* 421 U.S. 7, 95 S.Ct. 1373, 43 L.Ed.2d 688 (1975); *Weinberger v. Wiesenfeld,* 420 U.S. 636, 95 S.Ct. 1225, 43 L.Ed.2d 514 (1974).

The Air Force has promulgated the aforementioned personal appearance standard to instill in its members discipline and espirit de corps. The Air Force also desires to promote these qualities as its public image. These interests provide a sufficiently rational justification for the regulations. *Kelley v. Johnson, supra; Quin v. Muscare,* 425 U.S. 560, 96 S.Ct. 1752, 48 L.Ed.2d 165 (1976). Women are no more free to violate the standards than are men. Employment and promotional oppor-

tunities, moreover, are not affected by the personal appearance standards. The Air Force has simply adopted regulations it deems appropriate to project, both within and without the service, the appropriate military image. The image the defendants wish to project is one that recognizes the differences in personal appearances between men and women which have traditionally existed in this country. The regulations for both men and women are reasonably calculated to achieving this end. The Court finds nothing in the due process clause of the Fifth Amendment that mandates the adoption of a unisex grooming code by the Armed Services. *Campbell v. Beaughler,* 519 F.2d 1307 (9th Cir. 1975); *Ayen v. McLucas,* 401 F.Supp. 1001 (D.Nev. 1975).[1]

An appropriate order will issue.

### ORDER

For the reasons stated in the Memorandum of the Court this day filed, and deeming it proper so to do, it is ADJUDGED and ORDERED that the motion of plaintiffs for summary judgment be, and the same is hereby, denied. It is further ADJUDGED and ORDERED that the motion of the defendants for summary judgment be, and the same is hereby, granted, and judgment is entered for the defendants.

Defendants shall stand dismissed with their costs.

Let the Clerk send copies of this Order and the accompanying Memorandum to all counsel of record.

---

1. It is to be noted that Circuit Court opinions are virtually unanimous in holding that a private employer may require male employees to adhere to different modes of dress and grooming than those required of female employees without violating Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e–2. See *Knott v. Missouri-Pacific Railroad Co.,* 527 F.2d 1249 (8th Cir. 1975); *Brown v. D. C. Transit System, Inc.,* 523 F.2d 725 (D.C.Cir. 1975); *Baker v. California Land Title Company,* 507 F.2d 895 (9th Cir. 1974); *Willingham v. Macon Telegraph Publishing Co.,* 507 F.2d 1084 (5th Cir. 1975) (en banc); *Dodge v. Giant Food, Inc.,* 160 U.S.App.D.C. 9, 488 F.2d 1333 (1973); *Fagan v. National Cash Register Co.,* 157 U.S.App.D.C. 15, 481 F.2d 1115 (1973). While there are unquestionable distinctions between public and private employers, these cases provide tangential support for today's holding.