COOK ET AL. *v.* HUDSON ET AL.

No. 75–503.   Argued November 1, 1976—Decided December 7, 1976

*George Colvin Cochran* argued the cause and filed a brief for petitioners.

*Will A. Hickman* argued the cause for respondents. With him on the brief was *S. T. Rayburn.**

PER CURIAM.

Certiorari was granted to consider the question presented: whether, consistently with the First and Fourteenth Amendments, a Mississippi public school board may terminate the employment of teachers sending their children not to public schools, but to a private racially segregated school. However, since the grant of certiorari, *Runyon* v. *McCrary*, 427 U. S. 160 (1976), held that 42 U. S. C. § 1981 prohibits private, commercially operated, nonsectarian schools from denying admission to prospective students because they are Negroes. Moreover, a Mississippi statute, Miss. Code Ann. § 37–9–59 (Supp., 1976), enacted in 1974 after the school board action here complained of, prohibits school boards "from denying employment or reemployment to any person . . . for the single reason that any eligible child of such person

*Stephen J. Pollak, John Townsend Rich, Franklin D. Kramer,* and *David Rubin* filed a brief for the National Education Assn. as *amicus curiae* urging reversal.

does not attend the school system in which such [person] is employed." Though § 37–9–59 was cited in the record at the time of granting the writ, examination of the merits on oral argument in light of *Runyon* v. *McCrary* and § 37–9–59 satisfies us that the grant was improvident. Accordingly, the writ of certiorari is dismissed as improvidently granted. Cf. *Rice* v. *Sioux City Cemetery,* 349 U. S. 70 (1955).

MR. CHIEF JUSTICE BURGER, concurring in the result.

I join in the Court's disposition of this case. In doing so, I emphasize that our decision to dismiss the writ of certiorari *as improvidently granted intimates no view* on the question of when, if ever, public school teachers—or any comparable public employees—may be required, as a condition of their employment, to enroll their children in any particular school or refrain from sending them to a school which they, as parents, in their sole discretion, consider desirable. Few familial decisions are as immune from governmental interference as parents' choice of a school for their children, so long as the school chosen otherwise meets the educational standards imposed by the State. See *Pierce* v. *Society of Sisters,* 268 U. S. 510 (1925); *Meyer* v. *Nebraska,* 262 U. S. 390 (1923); *Wisconsin* v. *Yoder,* 406 U. S. 205 (1972).