ISRAEL PAGAN ESTATE and Leonor C. Pagan, Personal Representative, Plaintiffs and Petitioners,

v.

CAPITOL THRIFT AND LOAN, a financial corporation, Joseph N. Cannon, Dorius Black, Alpha Leasing Company, a partnership; Robert D. Apgood, Joseph N. Cannon, Dorius Black, and Richard McKean, doing business under the name and style of Alpha Leasing Company, Bill Brown Realty, Inc., Scott Peatross, personally, Stewart Title Company of Utah, Tommy W. Sisk and Merlyn Hanks, Defendants and Respondents.

No. 870503.

Supreme Court of Utah.

March 17, 1989.

Mark S. Miner, Salt Lake City, for plaintiffs and petitioners.

Kay M. Lewis, Kevin V. Olsen, Mel S. Martin, and Bruce H. Shapiro, Salt Lake City, for defendants and respondents.

STEWART, Justice:

This Court granted the petition for a writ of certiorari in this case on February 23, 1988. We have heard oral arguments and studied the briefs and record, and it now appears that certiorari was improvidently granted. The case is, therefore, dismissed.

HALL, C.J., and DURHAM and ZIMMERMAN, JJ., concur.

HOWE, Associate Chief Justice (dissenting):

I dissent. I do not join the Court in dismissing the writ of certiorari because it was improvidently granted. I would reach the merits of the case and affirm the judgment of the Court of Appeals. *Israel Pagan Estate v. Cannon,* 746 P.2d 785 (Utah Ct.App.1987).

The United States Supreme Court on occasion dismisses writs of certiorari which it has granted on the ground that the writs were improvidently granted. That Court does not always state its reasons when it takes such action. However, there are numerous instances in which the Court has given an explanation. *See* Stern, Gressman, & Shapiro, *Supreme Court Practice,* § 5.15, at 288 (6th ed.1986). In general, dismissals occur when (1) there is a change in circumstances since the writ was granted and (2) the basis upon which the writ was granted appears, upon closer examination, to be nonexistent.

As illustrative of category one, the Court in *Quinn v. Muscare,* 425 U.S. 560, 96 S.Ct. 1752, 48 L.Ed.2d 165 (per curiam), *reh'g denied,* 426 U.S. 954, 96 S.Ct. 3183, 49 L.Ed.2d 1194 (1976), dismissed the writ because the principal question raised had been determined by the Court in another case and the procedural objection had been remedied for the future by a change in the administrative regulation. Similarly, an intervening court decision or change in a statute may eliminate the issue or make it unlikely that the question will arise again, at least in the same context. *Cook v. Hudson,* 429 U.S. 165, 97 S.Ct. 543, 50 L.Ed.2d 373 (1976) (per curiam). See also *Sanks v. Georgia,* 401 U.S. 144, 91 S.Ct. 593, 27 L.Ed.2d 741 (1971), where an appeal was dismissed after oral argument because new factual and legal developments, including new state legislation, made it inappropriate to decide original issues.

As illustrative of cases falling into category two, the Court dismissed a writ of certiorari as having been improvidently granted when an apparent conflict of decisions between two circuit courts of appeals disappeared upon closer analysis. *Layne & Bowler Corp. v. Western Well Works,* 261 U.S. 387, 43 S.Ct. 422, 67 L.Ed. 712 (1923). Also, an important issue was found not to be presented by the record in *McCarthy v. Bruner,* 323 U.S. 673, 65 S.Ct. 126, 89 L.Ed. 547 (1944) (per curiam). A hitherto unsuspected jurisdictional defect may become apparent, such as the absence of a decision by the highest state court in which a decision could be had. *Gorman v. Washington Univ.,* 316 U.S. 98, 62 S.Ct. 962, 86 L.Ed. 1300 (1942). Further, deci-

sion of the question upon which certiorari was granted may prove unnecessary since the judgment below was clearly correct on another ground. *The Monrosa v. Carbon Black Export, Inc.*, 359 U.S. 180, 79 S.Ct. 710, 3 L.Ed.2d 723 (1959). In another case, after full argument and due consideration, it became manifest that the course of litigation and the decisions in the state courts did not turn on the issue on the basis of which certiorari was granted. *Smith v. Butler*, 366 U.S. 161, 81 S.Ct. 937, 6 L.Ed. 2d 184 (1961) (per curiam).

According to the recollection of this writer, certiorari was granted in the instant case because we were concerned that the Court of Appeals had overturned a jury verdict which had found Capitol Thrift guilty of civil conspiracy. The Court of Appeals concluded that there was no evidence to support the finding of civil conspiracy. After we granted certiorari, the petitioner paid his filing fee in this Court and counsel for both parties thoroughly briefed the issue. Oral argument was set, and counsel for both parties appeared and argued the case before this Court. All of that was done at considerable expense to both parties. This Court took the case under advisement and now the majority dismisses the writ without reaching the merits of the case and without answering the concerns which prompted our grant of certiorari.

I believe that dismissing the writ as having been improvidently granted and refusing to reach and rule on the merits of the case are grossly unfair to the parties at this juncture. There has been no change in circumstances since the writ was granted, nor has the basis upon which review was permitted been found to be nonexistent. Simply because we may conclude that the Court of Appeals made no error does not justify us in dismissing the writ without making a decision on the merits. The instant case is one of the first few cases where we have granted certiorari since the establishment of the Court of Appeals two years ago. Since we are beginning on a new slate, I would like to see the Court reach the merits of cases we review on certiorari and not dispose of cases in the manner adopted by the majority in this case unless the unusual circumstances appear as discussed above.

I am in accord with a statement made by Justice Black, which was concurred in by Chief Justice Warren and Justice Douglas, in *Rice v. Sioux City Memorial Park Cemetery*, 349 U.S. 70, 80, 75 S.Ct. 614, 620, 99 L.Ed. 897 (1955):

> We think that only very unusual circumstances can justify dismissal of cases on the ground that certiorari was improvidently granted. Our objection to such dismissals are [sic] stronger when, as here, a case has already been argued and decided by the Court. We do not agree that the circumstances relied on by the Court justify this dismissal.

It is true that the instant case has not been "decided," but it has been briefed and argued, doubtlessly at considerable expense to the parties. I have reached the merits and conclude that there is no evidence that Capitol Thrift had any participation in, or even knowledge of, any fraud practice on Pagan. I would affirm the Court of Appeals.