## DeVeaux v. City of Philadelphia

316

*Mary Catherine Roper,* for plaintiff.
*Anne Barden,* for defendant.

DYCH, *J.,* July 14, 2005—Defendants appeal from my June 14, 2005 order granting plaintiff's emergency petition for a preliminary injunction. This opinion will supplement my memorandum which accompanied that order.

Curtis DeVeaux, employed by the City of Philadelphia as a firefighter, alleges a violation of the Pennsylvania Religious Freedom Protection Act, 71 P.S. §2402 et seq., and the Pennsylvania Constitution. Plaintiff is a practicing Muslim, and it is not disputed that his religious beliefs require him to grow a beard. On February 2, 2005, he was suspended from his job without pay for refusing to shave his beard as required by Fire Department Directive no. 13.

It is believed that this is the first case in Pennsylvania which alleges a violation of the RFPA, which states in relevant part: "The General Assembly intends that all laws which it has heretofore enacted or will hereafter enact and all ordinances and regulations which have been or will be adopted by political subdivisions or executive agencies shall be construed so as to avoid the imposition of substantial burdens upon the free exercise of religion without compelling justification." 71 P.S. §2402(2). De-

fendant is a "non-Commonwealth agency" as defined by the RFPA, and is therefore subject to the requirements imposed by the RFPA. 71 P.S. §2403.

After reviewing the petition, answer, stipulated evidence, briefs of counsel, and hearing oral argument,[1] this court issued the following preliminary injunction: "Defendant City of Philadelphia is enjoined from terminating the employment of plaintiff Curtis DeVeaux or diminishing his compensation or benefits during the pendency of this litigation or until further action of this court."

In so ruling, this court found that DeVeaux has established a strong likelihood of success on the merits.[2] Un-

---

1. In their 1925(b) "Statement of matters complained of on appeal," defendant avers that, "the court further erred in compelling the City to have the motion submitted for decision without a hearing." The City's allegation that a hearing was not held is erroneous. On the contrary, this court properly exercised its discretion in holding an evidentiary hearing under Pa.R.C.P. 208.4 and Pa.R.C.P. 1531(a), by inter alia, permitting the filing of stipulated evidence, offers of proof, briefs of counsel, deposition transcripts, and hearing oral argument, before rendering its decision on the petition. The court is vested with wide latitude in determining what types of evidence it will accept in a preliminary injunction hearing. Goodrich-Amram §1531(a):9 is instructive: "In addition to any affidavits that may be filed, the court, in determining whether to issue a preliminary [...] injunction, may rely on the averments of the pleadings or petition and any other proof which the court may require, including depositions." Goodrich-Amram §1531(a):9. (citations omitted)

2. In their 1925(b) "Statement of matters complained of on appeal," defendant avers that, "This court erred in finding that Mr. DeVeaux met the requirements for obtaining a preliminary injunction. DeVeaux's likelihood of success on the merits is negligible." See defendant's 1925(b) statement of matters complained of on appeal at p. 1.

der the RFPA, Fire Department Directive no. 13 shall be construed so as to avoid the imposition of substantial burdens[3] upon the free exercise of religion without compelling justification.[4] It appears to be undisputed, and in any event the record clearly establishes, that Fire Department Directive no. 13 imposes a substantial burden upon plaintiff's free exercise of religion by, inter alia, forcing him to choose between his religion and his job.

However, the record does not clearly demonstrate that the City's safety justification is compelling.[5] In reaching

---

3. The RFPA defines "substantial burden" as an agency action which does any of the following:

"(1) Significantly constrains or inhibits conduct or expression mandated by a person's sincerely held religious beliefs.

"(2) Significantly curtails a person's ability to express adherence to the person's religious faith.

"(3) Denies a person a reasonable opportunity to engage in activities which are fundamental to the person's religion.

"(4) Compels conduct or expression which violates a specific tenet of a person's religious faith." 71 P.S. §2403.

Plaintiff claims that defendant's enforcement of directive no. 13 substantially burdens plaintiff's exercise of his faith under subsection (1), (2) and (4) above. See memorandum of law in support of plaintiff's emergency petition for temporary restraining order and preliminary injunction, p. 11.

4. As mentioned previously, it is believed that this is the first case in Pennsylvania which alleges a violation of the RFPA. Thus, without guidance from prior precedents, this court considered the plain meaning of the statute. Absent ambiguity, the plain meaning of the statute controls. See *In re Canvass of Absentee Ballots of Nov. 4, 2003*, 577 Pa. 231, 843 A.2d 1223 (2004); *Sternlicht v. Sternlicht*, 2005 Pa. LEXIS 1291 (Pa. 2005).

5. There is some prior case law concerning the safety justification of facial hair regulations of firefighters. These cases involve so-called "negative-pressure" facial masks, as opposed to the more modern "positive-pressure" facepiece at issue in this case. It should be noted that

this conclusion, this court examined the record in its entirety. At least one study has shown that there is, "no statistically significant difference between the protection factors achieved by the bearded and clean shaven workers [using positive-pressure masks],"[6] and a survey of research on the topic has caused one commentator to conclude that, "the answer remains ambiguous."[7]

In addition, this court considered the assertions of defendant's experts, who aver that facial hair will prevent a good respirator seal, and that, "there is no less restrictive measure for safe respirator use than to enforce a policy where beards are not allowed . . . ." See defendant's offer of proof at pp. 2-3. The City has also presented evidence of NFPA[8] and OSHA[9] guidelines, among

---

none of the complaining parties in these cases asserted a violation of their free exercise of religion. See *Kennedy v. District of Columbia,* 654 A.2d 847 (D.C. 1994) (holding that the district's facial hair regulation was discriminatory as applied to the firefighter, although the department was not precluded from, "promulgating a reasonable grooming regulation, equally applied to all, requiring beards to be neatly trimmed") see also, *Quinn v. Muscare,* 425 U.S. 560 (U.S. 1976) (Although the Supreme Court did not reach the merits of the respondent's challenge to the constitutionality of the hair regulation, the Court of Appeals did note that the regulation "does not appear to be co-extensive with the need for safe and efficient use of gas masks and, if that is the sole justification, might well be more narrowly drawn."); see also, *Kelley v. Johnson,* 425 U.S. 238 (U.S. 1976) (upholding the challenged facial hair regulation of policemen under rational basis review).

6. See deposition of Richard Sabochinset, defendant's exhibit G, *Facial Hair and Respirator Fit: A Review of the Literature,* Stobbe, A. Ind. Hyg. Assoc. J. 49, p. 203, April 1988.

7. See *id.*

8. See defendant's response in opposition to plaintiff's motion for a preliminary injunction, exhibit C.

9. See *id.,* exhibit B.

others, which forbid the use of respirators with facial hair. It appears that Fire Department Directive no. 13, however, was introduced when the fire department used "negative flow" respirators.[10] Conversely, at least one metropolitan fire department—Washington, D.C.—has relaxed its no-beard policy after litigation by a group of Muslim firefighters.[11] Plaintiff's expert professes that "[p]ositive-pressure [masks] may be utilized safely by bearded firefighters . . . so long as the facepiece-to-face fit is adequate." See plaintiff's offer of proof at p. 7.[12]

It is important to note that a preliminary injunction is a provisional remedy that may be granted *before* a hear-

---

10. See memorandum of law in support of plaintiff's emergency petition for temporary restraining order and preliminary injunction, p. 5.

11. See defendant's response in opposition to plaintiff's motion for a preliminary injunction, p. 10.

12. Defendant contends that, "this court erred in accepting plaintiff's expert as qualified." See defendant's 1925(b) statement of matters complained of on appeal at p. 2. In this court's view, plaintiff's expert, Mr. Santora, is qualified, having held several positions with the New York Fire Department during his 40 and a half years of service, including deputy chief (14 years) and chief of safety (13 years). In addition he is a member of the National Fire Prevention Association (NFPA) (including a *stint* as chairman of the NFPA 1981 Standard on Open-Circuit Self-Contained Breathing Apparatus for the Fire Service Committee, and as a representative on other NFPA committees relating to firefighter safety). See plaintiff's offer of proof for preliminary injunction hearing at p. 2. It should be noted that plaintiff also produces the expert testimony of a tenured fire department chief—Commissioner Lloyd Ayers of the Philadelphia Fire Department, who has held every rank in the fire department during his more than 30 years of service for the community. See defendant's offer of proof for preliminary injunction hearing at p. 2. However, even if plaintiff's expert was not qualified, the City still has not shown its safety justification to be compelling.

ing on the merits. Standard Pennsylvania Practice (2d ed.), Injunctions §83:4. (emphasis added) Its purpose or function is generally to afford preventive relief by preserving the status quo, either as it presently exists or previously existed before the acts complained of, where there is an urgent necessity of preserving the status quo until the merits of the case can be heard and determined. Standard Pennsylvania Practice (2d ed.), Injunctions §83:5. Limitations on the free exercise of religion inflict irreparable injury. *Tenafly Eruv Ass'n v. Borough of Tenafly,* 309 F.3d 144 (3d Cir. 2002). Plaintiff would suffer immediate and irreparable harm that cannot be compensated by money damages if this injunction did not issue.

Moreover, greater injury would result if this petition was denied than if injunctive relief was granted, and the instant relief restored the parties to the status quo as it existed prior to the alleged wrongful conduct. The injunction that issued was tailored to alleviate defendant's safety concerns until they are heard on the merits by a trial court by providing only that defendant may not terminate plaintiff's employment or benefits. It does not order the City to use DeVeaux to fight fires. Thus, the alleged wrongful conduct by defendant City of Philadelphia is manifest and the instant relief was suited to abate it.

For the foregoing reasons, this court properly exercised its discretion in fashioning the preliminary injunction issued on June 14, 2005, and should be affirmed.