**Richard K. CHILD, Plaintiff and Appellant,**

v.

**SALT LAKE CITY CIVIL SERVICE COMMISSION, Harold W. Simpson, Chairman of Salt Lake City Civil Service Commission, Salt Lake City Corporation, a Utah Corporation, and Dewey J. Fillis, Salt Lake City Police Chief, Defendants and Respondents.**

**No. 15055.**

Supreme Court of Utah.

Jan. 31, 1978.

Robert Van Sciver, Salt Lake City, for plaintiff and appellant.

Roger F. Cutler, Salt Lake City, for defendants and respondents.

HALL, Justice:

Plaintiff petitioned the district court for an extraordinary writ to review the decision of the Salt Lake City Civil Service Commission which upheld his discharge by the Chief of Police of Salt Lake City. Each of the parties moved for summary judgment on the record presented, and from a judgment sustaining the decision of the Commission plaintiff appeals.

Discharge of persons employed in the classified civil service is governed by statute.[1] The department head, (the Chief of Police here[2]) may remove such a person "for misconduct, incompetency or failure to perform his duties or failure to observe properly the rules of the department, but subject to appeal by the aggrieved party to the Civil Service Commission." In the instant case, an appeal was brought before

1. U.C.A.1953, 10–3–1012.

2. U.C.A.1953, 10–3–910.

the Commission and a hearing was conducted. At the Commission hearing, evidence of plaintiff's misbehavior was introduced as to four unrelated matters. The Commission relied upon only two of the incidents in upholding plaintiff's discharge. The first incident involved plaintiff's failure to properly inventory and account for valuable personal property belonging to an arrested person. The second incident involved plaintiff's participation in, or his failure to quell, a public disturbance which resulted in a breach of the peace and the death of one of the participants. In this second incident, the Commission also found that plaintiff had discharged his firearm in a manner so as to endanger other citizens against whom the use of deadly force was not justified or reasonably warranted.

The finding and decision of the Civil Service Commission is final,[3] however, case law[4] and the Utah Constitution[5] afford judicial review. These cases illustrate the differing viewpoints as to exactly what is reviewable—jurisdictional questions only or the merits of an order of termination. This problem has been clarified in Rule 65B(b)(2) of the Utah Rules of Civil Procedure wherein it is provided that relief may be granted "when an inferior tribunal, board or officer exercising judicial functions has exceeded its jurisdiction or abused its discretion." Plaintiff sought relief in the district court, which is proper under the rules as that court can take additional evidence when deemed necessary.[6] In the instant case, the district court gave summary judgment on the record alone, thereby affirming the Commission's order.

The *Erkman* case[7] is very similar procedurally to this one. There the appeal was from an order of the district court vacating a writ of certiorari which had the effect of affirming the order of the defendant Commission. For the stated purpose of simplici-

ty, this Court treated the appeal as one directly from the Commission although the actual question before it was whether the district court erred in refusing to set aside the order of the Commission.

While simplicity warrants that approach we must not lose sight of the fact that the findings and order of the Commission have already been reviewed and found not to have been arbitrary, capricious, or unreasonable and we are of course bound by the traditional rules of appellate review to give due deference to the judgment of the district court providing it is supported by the evidence.

The believable evidence in the record reveals that plaintiff made an arrest, took the subject to the police station, searched him, found $25 in food stamps, put them in his own pocket, saying to two other officers, "You didn't see those, did you?" He then went to the hospital, returned to the station, and finished his report without placing the food stamps in evidence, contrary to rules and regulations of the department. He returned to the station the next day and did not put them in evidence. The two fellow officers reported these incidents and an investigation was begun, whereupon plaintiff delivered up the stamps after being contacted at Fish Lake on vacation.

Some four months later plaintiff, while on duty, consumed two or three drinks of an alcoholic beverage. Later on, while off duty and not in uniform, he purchased a bottle of liquor and went to a bar where he consumed several more drinks, going from there with acquaintances to a cafe where they engaged in an argument with other cafe patrons over a Spanish-speaking incident. Leaving the cafe, one of his acquaintances engaged in an altercation with a person they had previously argued with and plaintiff shot and killed one Herrera

**3.** Supra, note 1.

**4.** *Erkman v. Civil Service Comm. of Provo City*, 114 Utah 228, 198 P.2d 238 (1948); *Pincock v. Kimball*, 64 Utah 4, 228 P. 221 (1924); *Gilbert v. Board of Police and Fire Comrs.*, 11 Utah 378, 40 P. 264 (1895).

**5.** Utah Const., Art. VIII, Sec. 9.

**6.** *Denver & R. G. W. R. Co. v. Central Weber Sewer I Dist.*, 4 Utah 2d 105, 287 P.2d 884 (1955).

**7.** Supra, note 4.

who allegedly threatened him with a knife.[8] At no time prior to pulling his gun did he ever advise he was a police officer nor did he make any attempt to quell the disturbance. He fired another shot that went wild across the street. His recollection of the events was only fragmentary.

The foregoing facts appear to be gross violations of the police department rules and regulations and when the district court reviewed the record it determined such to be the case and that as a consequence the order of the Commission sustaining plaintiff's dismissal was not arbitrary, capricious, or unreasonable.

Our review of the record does not persuade us to the contrary and we therefore affirm the judgment of the district court.

ELLETT, C. J., and CROCKETT, MAUGHAN and WILKINS, JJ., concur.

**8.** The evidence presented to the Salt Lake County Attorney did not result in the filing of criminal proceedings nor was any disciplinary action taken by the Chief of Police.