Ned LEE, Plaintiff and Appellant,

v.

PROVO CITY CIVIL SERVICE
COMMISSION, Defendant and
Respondent.

No. 15446.

Supreme Court of Utah.

July 18, 1978.

Randall Gaither, Salt Lake City, for plaintiff and appellant.

Glen J. Ellis, Provo City Atty., Provo, for defendant and respondent.

HALL, Justice:

Plaintiff, Ned Lee, a Provo City Policeman, was discharged from his employment for misconduct consisting of an extramarital association of some considerable duration with a female dispatcher in the same department. He pursued his right of appeal[1] to the Provo City Civil Service Commission which sustained his discharge, but only after a full hearing wherein the acts of misconduct were not disputed. Plaintiff thereafter petitioned the Fourth District Court for an extraordinary writ in the nature of certiorari for the purpose of reviewing the decision of the Commission.

Plaintiff's petition contained no allegation of any jurisdictional excesses engaged in by the Commission and simply alleged, without specificity or particularity, that the actions of the Commission were arbitrary, capricious, unreasonable and not supported

1. U.C.A., 1953, 10–3–1012, providing for full hearing on appeal and for the finality of the findings and decision of the Civil Service Commission.

by the evidence. Consequently, the district court determined that the petition contained mere conclusions and dismissed it, subject to the filing of an amended pleading within 10 days. Plaintiff chose not to so file and appeals from the order and judgment of dismissal.

The sole issue presented by this appeal is whether the pleadings supported the issuance of a writ. We determine that they did not and affirm the district court. No costs awarded.

Plaintiff urges that his pleadings entitle him to a writ and, hence, a full review of the record before the Commission. In doing so he misinterprets the relief afforded by certiorari. It lies only to review the proceedings for the limited purpose of determining whether the Commission exceeded its jurisdiction or abused its discretion.[2]

It has long been the law in this jurisdiction that pleadings seeking relief by way of certiorari must specifically designate the jurisdictional excess or abuse of discretion claimed and that pleadings which merely set forth conclusions are to be dismissed.[3] The reasoning behind the rule is simple. In the absence of specific allega-tions, the nature and extent of the review ceases to be limited and invites the court to substitute its judgment for that of the inferior tribunal, board or officer. The court is of course precluded from doing so and may not disturb the findings below where they are supported by substantial evidence.[4]

In the instant case, it was incumbent upon the plaintiff to allege how the Commission acted arbitrarily, capriciously and unreasonably in its apparent conclusion that plaintiff's personal activities had such an adverse effect upon the Police Department and the public in general as would warrant his discharge. Having failed to do so, there was nothing before the court to review and the dismissal was proper.

ELLETT, C. J., and CROCKETT, MAUGHAN and WILKINS, JJ., concur.

---

2. Rule 65B(b)(2), U.R.C.P.

3. *Griffiths v. Justice's Court of Logan City*, 35 Utah 443, 100 P. 1064 (1909).

4. *Erkman v. Civil Service Commission of Provo City*, 114 Utah 228, 198 P.2d 238 (1948).