Dan C. WORRALL, Plaintiff and Appellant,

v.

OGDEN CITY FIRE DEPARTMENT, and Ogden City, a Utah Municipal Corporation, Defendants and Respondents.

No. 16375.

Supreme Court of Utah.

Aug. 11, 1980.

---

John T. Caine of Richards, Caine & Richards, Ogden, for plaintiff and appellant.

Timothy W. Blackburn, Ogden, for defendants and respondents.

MAUGHAN, Justice:

Plaintiff appeals from an adverse ruling of the trial court. He was denied relief, on procedural grounds, for his discharge as a fireman with Ogden City. This matter is reversed and remanded with an order to refer plaintiff's claims to the Ogden City Civil Service Commission, that he might have an opportunity for a post–termination hearing.

Plaintiff commenced his employment as a fireman with defendant in June 1968; he has worn a handlebar mustache since 1970. In September, 1976, Fire–Chief Hansen promulgated General Order No. 160, which established certain grooming standards for firemen. This order recited that its purposes were:

> "To provide the best possible safety conditions both from flash fire and respiratory aspects and to project the best possible public image of this uniformed Fire Department."

The rule governing mustaches provided that they would not extend beyond the lower part of the upper lip nor would any of the mustaches be more than one–half inch in length.

Plaintiff was given an opportunity to conform with the requirements. Plaintiff testified he did cut approximately one-half the length of the handlebars on his mustache. However, the mustache was yet not in compliance with the order.[1] When plaintiff persisted in his adamant refusal to conform, Chief Hansen deemed such action insubordination and sent him a letter dated November 29, 1976, which stated.

> "This is to officially notify you that your employment with the Ogden City Fire Department is officially terminated as of November 28, 1976 due to your

refusal to comply with General Order No. 160."

This letter did not notify plaintiff he had but five days to appeal his termination to the Ogden City Civil Service Commission, and plaintiff denied any knowledge of this limitation, as set forth in the Civil Service Rules an Regulations Manual. Plaintiff contacted the American Civil Liberties Union and sought their assistance. Eventually the A.C.L.U. notified him it would not assist him. Plaintiff then employed private counsel, who filed an appeal of the termination on December 29, 1976. The Civil Service Commission refused review of plaintiff's discharge on the ground his appeal was not filed timely (within five days after discharge).

The trial court ruled, both the state statute, Section 10–10–21 (currently Section 10–3–1012) and the Civil Service Rules required an appeal within five days, and both the statute and the rules constituted notice to the plaintiff of the five–day limitation. It further ruled the five–day period had a valid purpose, viz., a departmental matter should be settled quickly so a decision can be made as to whether a replacement should be hired. The court also ruled the action of the City Civil Service Commission was reasonable under the circumstances, and was therefore final. The court concluded the appeal was not filed within a reasonable period of time and the administrative remedies were never properly exhausted; and, therefore, plaintiff was not entitled as a matter of right to the trial which had been accorded him.

■ On appeal, plaintiff contends the trial court erred in its ruling, and the case should have been referred to the City Civil Service Commission for a hearing. Specifically, plaintiff urges the procedures employed violated fundamental fairness in that the letter of discharge did not give him notice of the five day limitation in which to seek review of his termination. Also, pro-

---

1. The trial court found the mustache, as estimated by the court from observation, to be ½ to ¾ of an inch in length, except for the corners, which appeared to be waxed and curled and perhaps 1⅓ inches in length.

cedural due process requires plaintiff be so advised. We agree.

Section 10–10–21, Utah Code Annotated, 1953,[2] provides:

"All persons in the classified civil service may be removed from office or employment by the head of the department for misconduct, incompetency or failure to perform his duties or failure to observe properly the rules of the department, but subject to appeal by the aggrieved party to the civil service commission. Any person discharged may within five days from the issuing by the head of the department of the order discharging him appeal therefrom to the civil service commission, which shall fully hear and determine the matter. The discharged person shall be entitled to appear in person and to have counsel and a public hearing. The finding and decision of the civil service commission upon such hearing shall be certified to the head of the department from whose order the appeal is taken, and shall be final, and shall forthwith be enforced and followed by him."

■ The genesis of this statute was an enactment in 1921, Chapter 13, Section 666X12, the language therein has not undergone any material alteration to its present form in Section 10–10–21, U.C.A., 1953. On the other hand there has been a major evolution in the minimal procedural requirements under the Due Process Clause of the Fourteenth Amendment of the United States Constitution. First, where state law confers on a person a claim of entitlement to continued employment absent sufficient cause for discharge, such entitlement constitutes a property interest, which is protected by the Due Process Clause of the Fourteenth Amendment.[3] Second, every significant deprivation, whether permanent or temporary, of an interest, which is qualified as "property" under the due process clause must be *preceded* by notice and opportunity for hearing appropriate to the nature of case, absent extraordinary or unusual circumstances.[4]

Plaintiff does not claim and, therefore, we do not discuss his right to be accorded under the due process clause a pre–termination hearing.[5] However, plaintiff vigorously asserts his right to be given notice and an opportunity for a post–termination hearing under the due process clause. Plaintiff contends he was effectively denied his right, when the letter discharging him gave him no notice of the right to a hearing, or of the five–day limitation.

■ In *Goss v. Lopez*[6] the Court observed the fundamental requisite of due process of law is the opportunity to be heard, a right which has little reality or worth unless one is informed that the matter is pending and one can choose for himself whether to contest. The notice must be of such a nature as reasonably to convey the required information.[7] In assessing the adequacy of a notice the central issue is whether the communication contains the

**2.** Reenacted by L.1977, Ch. 48, Sec. 3 designated as Sec. 10–3–1012.

**3.** *Goss v. Lopez*, 419 U.S. 565, 573, 95 S.Ct. 729, 735, 42 L.Ed.2d 725 (1975); *Perry v. Sindermann*, 408 U.S. 593, 601, 92 S.Ct. 2694, 2699, 33 L.Ed.2d 570 (1972); *Bishop v. Wood*, 426 U.S. 341, 345, 96 S.Ct. 2074, 2077, 48 L.Ed.2d 684 (1976).

**4.** *Goss .v. Lopez*, note 3, supra, at 419 U.S. 578–579, 95 S.Ct. 738, *Skelly v. State Personnel Board*, 15 Cal.3d 194, 124 Cal.Rptr. 14, 539 P.2d 774, 784 (1975).

**5.** See *Muscare v. Quinn*, (C.A. 7th 1975) 520 F.2d 1212, 1215–1216, wherein it was held due process requires at a minimum that a fireman charged with violation of the fire department's grooming standards, be granted a hearing prior to suspension, where he may be fully informed of the reasons for the proposed suspension and where he may challenge its sufficiency. In *Quinn v. Muscare*, 425 U.S. 560, 563, 96 S.Ct. 1752, 1753, 48 L.Ed.2d 165 (1976), the Court dismissed the writ of certiorari as improvidently granted, citing as one of the reasons the Civil Service Commission of Chicago had revised its rules to provide for pre–suspension hearings in all nonemergency cases.

**6.** 419 U.S. 565, 579, 95 S.Ct. 729, 738, 42 L.Ed.2d 725 (1975).

**7.** *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314–315, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950).

type of information which is reasonably calculated to afford the informant an opportunity to be heard at a proper time and in a proper manner.[8]

The trial court erred in its ruling that the statute, Section 10–10–21, and Civil Service Rules put plaintiff on notice of the five–day limitation. Under the due process clause, plaintiff was entitled to have this essential information imparted to him; that he might make an intelligent and informed decision as to whether to waive his constitutional right to a post–termination hearing. The letter discharging plaintiff should have contained a notice of his right to a hearing and the time limitation on this right.

■■ Due process is not a technical conception with a fixed content unrelated to time, place, and circumstances; it is flexible and requires such procedural protections as the particular situation demands. In an analysis of a procedure an important factor is the risk of an erroneous deprivation of a private interest through the procedures, and the probable value, if any, of additional or substitute procedural safeguards.[9]

■■ The review by the courts of a decision of a city civil service commission is generally confined to a determination of whether that body has exceeded its jurisdiction or abused its discretion.[10] The trial court was correct that plaintiff should exhaust his administrative remedies, for under Section 10–10–21, the civil service commission is made the ultimate authority to determine whether a discharge should or should not stand. Under this statute the

commission is not compelled to sustain the department head in every case where it finds the charge substantiated. The commission has the power to determine the sufficiency of the cause of removal and not merely adjudge whether the cause alleged by the department head was true.[11]

WILKINS, J., concurs.

STEWART, J., concurs in the result.

HALL, Justice: (Dissenting).

I respectfully dissent from the position adopted by the majority, as it creates, in my view, an unprecedented and unwarranted extension of the notice requirement of due process.

The constitutions of the United States[1] and the State of Utah[2] mandate that when life, liberty, or property are placed in jeopardy by reason of state action, due process must be accorded the individual or individuals to be affected by such action. The bare essentials of due process have been characterized as (1) notice of the proposed action, and (2) an opportunity to be heard on the matter.[3] While the question was long disputed by the courts, it is now generally recognized that public employment is a property right, termination of which demands the observance of due process by the administrative body involved.[4] It must be noted, however, that the sufficiency of "notice" for due process purposes is more limited in administrative matters than in other areas of the law. To meet the demands of due process, administrative notice need only

8. *Aguchak v. Montgomery Ward Co., Inc.,* Alaska, 520 P.2d 1352, 1356–1357 (1974).

9. *Mathews v. Eldridge,* 424 U.S. 319, 334–335, 96 S.Ct. 893, 902–903, 47 L.Ed.2d 18 (1970).

10. *Lee v. Provo City Civil Service Commission,* Utah, 582 P.2d 485 (1978); *Child v. Salt Lake City Civil Service Commission,* Utah, 575 P.2d 195 (1978).

11. *Vetterli v. Civil Service Commission of Salt Lake City,* 106 Utah 83, 90, 92–93, 145 P.2d 792 (1944).

1. Amend. XIV, Constitution of the United States.

2. Art. I, Sec. 7, Constitution of the State of Utah.

3. 16A C.J.S. Constitutional Law § 569(4); *Gribble v. Gribble,* Utah, 583 P.2d 64 (1978); *Christiansen v. Harris,* 109 Utah 1, 163 P.2d 314 (1945).

4. *Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); *Perry v. Sindermann,* 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972); *Arnett v. Kennedy,* 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974).

properly apprise the individual involved of the basis of the action intended.[5] It is also to be observed that administrative procedures such as those outlined by the statute here in question,[6] where the administrative agency terminates a benefit prior to hearing and inaugurates no proceedings on its own, but merely affords the individual the right of appeal, have been upheld as not violating due process requirements.[7]

Notwithstanding the foregoing, the majority reasons that it was not enough for the defendant to notify plaintiff of his termination, following a period of suspension and repeated warnings. Neither was it enough that plaintiff be given a clear explanation of defendant's reasons for the action, nor that plaintiff have ready access to all relevant information relating to the process for pursuing legal review of the action.[8] Furthermore, the majority avers that due process requires defendant to furnish plaintiff with a summary of the legal restrictions surrounding the appeal process, and set forth the means whereby he can challenge the defendant's action. Such a radically inflated concept of the elements of notice, for purposes of due process, is without counterpart in any other area of the law.

One seeks in vain, for example, to find such requirements in the area of standard litigation before state district courts. Where a litigant fails to file an answer to a complaint, or otherwise to plead in an action, within the prescribed time limit,[9] the opposing party is entitled to an entry of default, and to a judgment thereon.[10] Various grounds exist for setting aside such a judgment,[11] but nowhere is it suggested that the judgment may be avoided by reason of the adverse party's failure to notify

the defaulting party of the applicable time limit, or to outline for him the appropriate response to make. A similar situation exists when a party seeks to appeal the decision of a district court. A definite time limit is imposed for the filing of such an appeal, neither the trial court nor the respondent is obliged by due process to point out such restriction to the appellant.[12] If there exists a reason to grant to a person contemplating administrative appeal a greater degree of due process than that afforded a party litigant in state court, the majority fails to point it out.

As already alluded to, the majority's suggestion is particularly unfortunate in light of the facts of the present case. Plaintiff was deliberately challenging the viability of the regulation dealing with beards and mustaches. His actions spread over a considerable period of time. His temporary suspension prior to termination left him in no doubt that defendant intended to abide by the provision. One can only conclude that he was prepared, well in advance, to offer legal challenge to any attempt by defendant to dismiss him. By his own admission, the regulations dealing with proper administrative appeals procedure was readily accessible to him. In his own words, "It just never entered my mind to read it." Where it so clearly appears that plaintiff was orchestrating a legal confrontation, due process can hardly be invoked to claim that he must now prevail in that confrontation due to the defendant agency's failure to rescue him from his own failures.

It is an axiom of American law that an individual's ignorance of the law, or of a statutory provision, may not be raised to defeat its application to him in a legal ac-

---

5. See generally, 1 Davis, Admin. Law Treatise, §§ 8.04 and 8.05.

6. U.C.A., 1953, 10–10–21 (now 10–3–1012).

7. *MacBeth v. State of Utah*, 332 F.Supp. 1191 (D.C.1971).

8. Plaintiff had apparently planned to seek legal review of the actions of the defendant some time prior to his termination.

9. Rule 12(a), U.R.C.P.

10. Rule 55, U.R.C.P.

11. Rule 60(b), U.R.C.P.

12. Rule 73(a), U.R.C.P.

tion.[13] The majority opinion carves out a major exception to this rule applicable only to administrative agencies. Without any apparent qualification, the agency is thereby constituted legal advisor to all employees facing termination.

For the above reasons, I would affirm the decision of the lower court.

CROCKETT, C. J., concurs in the dissenting opinion of HALL, J.

---

**13.** 58 Am.Jur.2d, Notice, § 21; *Smith v. Mahoney*, Utah, 590 P.2d 323 (1979); *Kent Club v. Toronto*, 6 Utah 2d 67, 305 P.2d 870 (1957).