Morris BRINKERHOFF, et al., individuals and heirs of the Estate of Decedent Jacquelyn Brinkerhoff, Plaintiffs and Appellants,

v.

Allen FORSYTH, Walter K. Christensen, Conrad Christensen, and Alexander J. Aerts, Defendants and Appellees.

No. 870364.

Supreme Court of Utah.

Sept. 7, 1989.

D. Aron Stanton, Salt Lake City, for plaintiffs-appellants.

Carman E. Kipp, Robert H. Rees, Salt Lake City, for defendants and appellees.

HALL, Chief Justice:

Plaintiffs appeal from an order granting summary judgment for defendant Forsyth. The dispositive issue on appeal is whether defendant is subject to liability under Utah's Dram Shop Act, Utah Code Ann. §§ 32–11–1 to 32–11–2 (Supp.1983) (repealed and reenacted 1985).[1]

On the evening of July 21, 1984, Forsyth, in his employment as a bartender at the Camp Williams NCO Club, served intoxicating liquor to defendant Aerts. Upon leaving the Club in his vehicle, Aerts struck and killed Jacquelyn Brinkerhoff. Plaintiffs' complaint sought damages against Aerts for negligent operation of a vehicle and against defendants Christensen for negligently entrusting the vehicle to Aerts. These claims were settled. The complaint also sought damages against Forsyth pursuant to Utah's Dram Shop Act. After a hearing, the court awarded summary judgment to Forsyth based in part upon section 32–11–2.

On appeal, plaintiffs initially claim that section 32–11–2 was not intended to extend protection from liability under the Dram Shop Act to the Camp Williams NCO Club. Specifically, plaintiffs contend that this section, by its plain terms, was only intended

1. The current comparable provisions are codified at Utah Code Ann. §§ 32A–14–1 to 32A–14–2 (1986).

to protect the state "in fulfilling its duties in regulating the use of alcoholic beverages in the State." Also, plaintiffs imply that but for the fact that this statute was passed on the last day of a legislative session, the wording of section 32–11–2 could conceivably have been changed to reflect what plaintiffs now contend was its legislative purpose. These claims are speculative and not supported by a review of the statutes at issue.

Utah Code Ann. §§ 32–11–1 and –2 (Supp.1983) provided:

> 32–11–1. Liability for injuries resulting from illegal sale or other distribution of intoxicating liquors—Injured person's cause of action against intoxicated person or persons who provided liquor—Survival of action.
>
> (1) Any person who gives, sells, or otherwise provides intoxicating liquor to another contrary to [enumerated sections], and thereby causes the intoxication of the other person, is liable for injuries in person, property, or means of support to any third person, or the spouse, child, or parent of that third person, resulting from the intoxication.
>
> (2) A person who suffers an injury referred to in subsection (1) of this section, shall have a cause of action against the intoxicated person and the person who provided the intoxicating liquor in violation of subsection (1) above, or either of them.
>
> (3) If a person having rights or liabilities under this section dies, the rights or liabilities provided by this section shall survive to or against that person's estate.
>
> 32–11–2. Immunity of state, state agencies and employees, and political subdivisions.
>
> No provision of this act shall create any civil liability on the part of the state, its agencies, employees, or political sub-

divisions, arising out of their activities in regulating, controlling, authorizing or *otherwise being involved in, the sale or other distribution of intoxicating liquor.*

(Emphasis added.)

■ Both the language and the legislative history of the statutes indicate an express exemption of liability in the instant case. Where statutory language is plain and unambiguous, this Court will not look beyond the same to divine legislative intent. Rather, we are guided by the rule that a statute should generally be construed according to its plain language.[2]

■ The language of the statutes at issue is clear and unequivocal. Section 32–11–1 generally provided that "[a]ny person who gives, sells, or otherwise provides intoxicating liquor to another" under certain circumstances, causing intoxication, may be civilly liable for resulting injuries. The statute on its face purported to include individuals selling liquor.[3] Section 32–11–2, then, specifically stated in part that no provisions of the Dram Shop Act shall create civil liability on the part of state employees arising out of activities involving the sale or other distribution of intoxicating liquor. In short, section 32–11–2 plainly exempted state employees from civil liability imposed by section 32–11–1, which section included the sale of intoxicating liquor. These facts support the trial court's determination in this case.

Furthermore, plaintiffs' claim that the statutes were passed while the legislature was in a "frenzied" state is specious at best and does not justify disregarding plain language. Instead, the fact that the current version of section 32–11–2 is substantially similar[4] to the 1984 provision further supports the trial court's determination. Certainly, between the time section 32–11–2 was enacted in 1981 and its repeal and reenactment as section 32A–14–2 in 1985,

---

**2.** *Allisen v. American Legion Post No. 134,* 763 P.2d 806, 809 (Utah 1988).

**3.** *See generally id.* at 808 (act in part prohibited sale of intoxicating liquor).

**4.** Utah Code Ann. § 32A–14–2 (1986) provides: No provision of this title creates any civil liability on the part of the state, its agencies, employees, the commission, the department, or any state political subdivisions arising out of their activities in regulating, controlling, authorizing, or otherwise being involved in the sale or other distribution of alcoholic beverages.

the legislature had considerable time to review the effect and import of such language and make any intended modifications.

Forsyth's activities fall within and are protected by the provisions of section 32–11–2.[5] The trial court did not err in so concluding. Inasmuch as we affirm the trial court on this ground, we need not address the applicability and force of Utah's Governmental Immunity Act in the instant case.

Affirmed.

HOWE, Associate, C.J., and STEWART, DURHAM and ZIMMERMAN, JJ., concur.

---

5. Plaintiffs have not challenged and we do not address the constitutionality of Utah's Dram Shop Act.