Frank HATTON–WARD, Plaintiff
and Appellant,

v.

SALT LAKE CITY CORPORATION,
and Mike Chabries, Defendants
and Appellees.

No. 910585–CA.

Court of Appeals of Utah.

March 17, 1992.

Suzanne M. Dallimore, Salt Lake City,
for plaintiff and appellant.

Roger F. Cutler and Frank M. Nakamura, Salt Lake City, for defendants and appellees.

Before GARFF, JACKSON and ORME,
JJ.

## OPINION

GARFF, Judge:

Frank Hatton–Ward appeals an order dismissing his complaint in which he alleges Salt Lake City Corporation (City) wrongfully terminated his employment in violation of Utah Code Ann. § 67–21–1 (1986 & Supp.1991) (whistle blower statute). The trial court dismissed his complaint for failure to first exhaust his administrative remedies before the Civil Service Commission (Commission) pursuant to Utah Code Ann. § 10–3–1012 (1986) (civil service statute). We reverse.

## FACTS

Although Hatton–Ward presents a detailed and lengthy factual statement in his brief, we find no need to reiterate all of the facts in order to address the issues on appeal. Therefore, we state an abbreviated version of the events leading to his termination.

Hatton–Ward was a member of the Salt Lake City Police Department up until October 30, 1989, when he was fired. From 1985 to 1988, a number of young women were murdered in Salt Lake City and neighboring communities. These murders were apparently related. Although the police made some arrests in connection with the

investigation, Hatton–Ward believed some of the perpetrators were still at large, so he continued his own unauthorized investigation.

Because Hatton–Ward believed his superiors were intentionally ignoring his leads, he took his information to higher authorities, including the Utah Attorney General's Office. Hatton–Ward eventually petitioned this court for a writ of mandamus to compel the City to follow his leads and pursue the investigation more efficiently. This court denied the petition without prejudice based on lack of jurisdiction. Shortly thereafter, Hatton–Ward was terminated from his position for insubordination, neglect of duties, misconduct, incompetency, and failure to observe the rules of the department.

Hatton–Ward then sued the City and Mike Chabries, the Salt Lake City Chief of Police, pursuant to Utah Code Ann. § 67–21–1, the whistle blower statute. This statute prohibits terminations, threats and discrimination by employers in retaliation for employees' having called attention to misuse and waste of public funds. Hatton–Ward sought damages of six million dollars. However, he did not seek reinstatement.

The district court dismissed the suit because Hatton–Ward failed to exhaust his administrative remedies before the Commission pursuant to Utah Code Ann. § 10–3–1012.

## STANDARD OF REVIEW

The sole issue before this court is one of statutory interpretation: whether Hatton–Ward, as a government employee, is required to first exhaust his administrative remedies pursuant to Utah Code Ann. § 10–3–1012 before commencing an action in state court under the whistle blower statute, Utah Code Ann. § 67–21–1. In other words, the issue is whether the whistle blower statute implicitly incorporates the requirements of the civil service statute.

■ We do not defer to a trial court's interpretation of a statute, and thus review it independently. *Mendez v. State*, 813 P.2d 1234, 1236 (Utah App.1991); *State v. Swapp*, 808 P.2d 115, 120 (Utah App.1991).

■ When statutory language is plain and unambiguous, we do not look beyond the same to divine legislative intent. *Brinkerhoff v. Forsyth*, 779 P.2d 685, 686 (Utah 1989); *State v. Singh*, 819 P.2d 356, 359 (Utah App.1991). Rather, we construe a statute according to its plain language. *Brinkerhoff*, 779 P.2d at 686. Specifically, we will not interpret unambiguous language in a statute to contradict its plain meaning. *Bonham v. Morgan*, 788 P.2d 497, 500 (Utah 1989) (per curiam); *Johnson v. Utah State Retirement Bd.*, 770 P.2d 93, 95 (Utah 1988).

Moreover, "where two statutes treat the same subject matter, and one statute is general while the other is specific, the specific provision controls." *Floyd v. Western Surgical Assocs. Inc.*, 773 P.2d 401, 404 (Utah App.1989); *accord Williams v. Public Serv. Comm'n*, 754 P.2d 41, 48 (Utah 1988); *Bagshaw v. Bagshaw*, 788 P.2d 1057, 1060 (Utah App.1990).

## WHISTLE BLOWER STATUTE

■ The whistle blower statute provides a cause of action for a government employee who alleges his or her employer has taken an "adverse action" including "to discharge, threaten, or otherwise discriminate ... in any manner" in retaliation for the employee's having communicated "the existence of any waste of public funds, property, or manpower, or a violation or suspected violation of a law, rule, or regulation adopted under the law of this state." Utah Code Ann. §§ 67–21–2(1) and –3(1) (Supp.1991). To pursue a cause of action, the employee brings "a civil action for appropriate injunctive relief or actual damages, or both, within 180 days after the occurrence of the alleged violation." Utah Code Ann. § 67–21–4(2). To prevail, the plaintiff must prove the elements by a preponderance of the evidence. Utah Code Ann. § 67–21–4(4).

The remedies under this statute include compensation for damages for injury or

loss, including court costs and reasonable attorney fees. Utah Code Ann. § 67–21–4(1). Other remedies include reinstatement, back wages, reinstatement of fringe benefits and seniority rights, actual damages, or any combination of these remedies. Utah Code Ann. § 67–21–5(1). In addition, the employee can seek compensation for costs of litigation, reasonable attorney fees and witness fees. Utah Code Ann. § 67–21–5(2). Finally, a court can order a violator of this statute to pay a civil fine of up to $500 to the General Fund. Utah Code Ann. § 67–21–6.

On its face, we see nothing in the language requiring an employee first to bring a whistle blower claim to the Commission before filing an action in state court. Indeed, such an implied requirement would make it difficult, if not impossible, to bring a claim in state court within the required 180 days of the alleged violation. Utah Code Ann. § 67–21–4(2).

Moreover, the following plain and unambiguous language explicitly shows, with our emphases, that jurisdiction clearly vests in the state court and not with the Commission: "An employee ... may bring a *civil action*...." Utah Code Ann. § 67–21–4(2). "An *action* ... may be brought in the *circuit court* where the complainant resides, or the county where the person against whom the *civil complaint* is filed resides...." Utah Code Ann. § 67–21–4(3). "A *court*, in rendering a *judgment* in an *action* ... may order [lists remedies]. A *court* may also award the complainant ... the costs of *litigation*, ... if the *court* determines that the award is appropriate." Utah Code Ann. § 67–21–5.

In contrast, the civil service statute, found in a totally different part of the Utah Code, provides that civil service employees who are "removed from office ... for misconduct, incompetency or failure to perform ... duties or failure to observe properly the rules of the department," may appeal their discharges to the Commission. Utah Code Ann. § 10–3–1012. The appeal to the Commission must be brought within five days of the date of discharge. *Id.* The Commission then "shall fully hear and determine the matter. The discharged person shall be entitled to appear in person and to have counsel and a public hearing." *Id.*

An order from the Commission may be appealed to this court to determine whether "the commission has abused its discretion or exceeded its authority." Utah Code Ann. § 10–3–1012.5 (Supp.1991). *See Worrall v. Ogden City Fire Dep't,* 616 P.2d 598, 602 (Utah 1980).

Both the Commission review and the appeal to this court involve only the issue of whether the discharge should stand and related questions of back pay and seniority rights. Utah Code Ann. § 10–3–1012; *Worrall,* 616 P.2d at 602; *Child v. Salt Lake City Civil Serv. Comm'n,* 575 P.2d 195, 196 (Utah 1978). Also, remedies such as attorney fees, civil damages and civil fines are not mentioned in the civil service statute. Utah Code Ann. § 67–19a–406(4).

■ Nothing in the language of the civil service statute empowers the Commission to hear certain claims specified in the whistle blower statute such as threats and discrimination made in retaliation for whistle blowing. Utah Code Ann. §§ 67–21–2(1) and –3(1). Neither does the language of the civil service statute suggest that the Commission is empowered to provide any remedy other than those related to reinstatement. Utah Code Ann. § 10–3–1012; *Worrall,* 616 P.2d at 602; *Child,* 575 P.2d at 196. In particular, the Commission is barred from granting attorney fees, which may be awarded in the whistle blower statute, Utah Code Ann. § 67–19a–406(4), as well as civil damages, and civil fines.

■ We note that here, Hatton–Ward is not seeking reinstatement, but rather civil damages and attorney fees. Thus, it makes no sense to require him first to go to the Commission to pursue a remedy he does not want. The law does not require the exhaustion of administrative remedies when it would serve no useful purpose. *State Tax Comm'n v. Iverson,* 782 P.2d 519, 524 (Utah 1989); *Johnson v. Utah State Retirement Office,* 621 P.2d 1234, 1237 (Utah 1980). Moreover, once an employee brings an action before the Commis-

sion, he or she is then entitled only to a *review* of whether the Commission exceeded its discretion and jurisdiction. Utah Code Ann. § 10–3–1012.5. We thus see nothing in the plain and unambiguous language of either the whistle blower statute or the civil service statute suggesting a claimant must first bring a whistle blower claim to the Commission before proceeding in state court.

## THE CITY'S ARGUMENTS

The City argues that the trial court properly dismissed the case because the Commission has primary jurisdiction over all such discharges. However, the cases cited by the City support only the proposition that the Commission has original jurisdiction over whether the discharge itself should or should not stand. *E.g., Worrall,* 616 P.2d at 602; *Child,* 575 P.2d at 195; *Vetterli v. Civil Serv. Comm'n,* 106 Utah 83, 145 P.2d 792, 796 (Utah 1944).

The City also argues that the Commission is empowered to determine whether the whistle blower statute was violated, despite the fact that the whistle blower statute vests jurisdiction in state court. In support of this proposition, the City cites *Erkman v. Civil Serv. Comm'n,* 114 Utah 228, 198 P.2d 238 (Utah 1948) and *Fisher v. Civil Serv. Comm'n,* 499 P.2d 854 (Utah 1972). While these cases involve employees discharged for alleging waste, they are nonetheless inapposite. First, both cases were decided before the whistle blower statute was enacted. More importantly, the issue before the Commission in both cases was confined to whether the discharges should stand.

Finally, the City argues that the two statutes should be construed together and harmonized because they have the common purpose of giving terminated employees the opportunity to seek review of their terminations. In support of this argument, the City cites *Murray City v. Hall,* 663

P.2d 1314, 1318 (Utah 1983) (statutes referring to same subject matter should be construed with reference to each other and harmonized where possible). First, for reasons discussed above, it is not possible to "harmonize" the two statutes so as to include an exhaustion requirement · in the whistle blower statute. Second, the subject matter of the two statutes is different: The civil service statute provides a review as to whether a civil employee's discharge should or should not stand, whereas the whistle blower statute provides a civil cause of action and broad civil remedies when an employee alleges the employer threatened, discriminated against, or discharged the employee for whistle blowing.[1] Third, other state courts have found that exhaustion of administrative remedies is not required where the remedy sought is one that the administrative body is not empowered to provide. *See Pounds v. Denison,* 115 Idaho 381, 766 P.2d 1262, 1265–66 (Ct.App.1988) (actions sounding in tort cannot be remedied by administrative body, thus exhaustion not required); *Collopy v. Wildlife Comm'n,* 625 P.2d 994, 1006 (Colo.Ct.App.1981) (exhaustion not required when existing administrative remedies are ill-adapted to provide relief sought, and when issue is one of law rather than one committed to administrative discretion and expertise). Finally, there is nothing disharmonious in our construction that employees who seek review of whether their discharge should stand must exhaust their administrative remedies pursuant to the civil service statute, while those employees who allege retaliation for whistle blowing may seek relief in state court pursuant to the whistle blower statute.

## CONCLUSION

We reverse the order of dismissal on the ground that the trial court erred in dismiss-

---

**1.** The City also cites to what it claims is the federal equivalent of the Utah whistle blower statute. 5 U.S.C. § 2302. This federal statute has been interpreted to include an exhaustion requirement, where constitutional issues are not involved. *Borrell v. United States Int'l Commu-* *nications Agency,* 682 F.2d 981, 987–88 (D.C.Cir. 1982). This argument fails because the federal statute is not parallel to the state statute, as it creates no civil cause of action and provides no remedies other than reinstatement.

ing Hatton–Ward's complaint for failure to exhaust his administrative remedies.

Reversed.

JACKSON and ORME, JJ., concur.