2011 UT App 105

Jack **GUENON**, Petitioner,

v.

**DIVISION OF PEACE OFFICER STANDARDS AND TRAINING,** Dept. of Public Safety,

and

**DIVISION OF PEACE OFFICER STANDARDS AND TRAINING, DEPARTMENT OF PUBLIC SAFETY,** Respondent.

No. 20100305–CA.

Court of Appeals of Utah.

April 7, 2011.

Ryan B. Hancey, Salt Lake City, for Petitioner.

Mark L. Shurtleff and Nancy L. Kemp, Salt Lake City, for Appellee.

Before Judges McHUGH, ORME, and CHRISTIANSEN.

## MEMORANDUM DECISION

CHRISTIANSEN, Judge:

¶ 1 Petitioner Jack Guenon seeks review of the Peace Officer Standards and Training Council's (the Council) decision adopting the administrative law judge's (ALJ) factual findings and suspending his peace officer certification. We decline to disturb the Council's decision.

¶ 2 Guenon argues that the "Council's finding of malfeasance was . . . arbitrary and capricious because no reasonable person could have reached that conclusion based on the evidence presented before the . . . Council on appeal."[1] Specifically, Guenon argues that the Council's decision was arbitrary and capricious because it did not have the entire record to review. However, because Guenon did not challenge the sufficiency of the ALJ's findings of fact,[2] the Council was not required to review the entire record to address the issues Guenon raised. *See McKesson Corp. v. Labor Comm'n,* 2002 UT App 10, ¶¶ 11, 25, 27–28, 41 P.3d 468 (differentiating between a review of factual findings to determine whether they are supported by evidence and a review of a legal conclusion to determine whether it is reasonable and rational given the factual findings); *see also* Utah Admin. Code R728–409–18(F) (2009)[3] ("Any review shall be based upon the administrative hearing record and briefs or other documents submitted by the parties."). The Council had the authority to accept the ALJ's factual findings and determine whether, based on those findings, the ALJ's conclusion of nonfeasance was justified. *See* Utah Admin. Code R728–409–18(J) ("The council has the power to make a full review of the [ALJ]'s recommendation. This power includes, but is not limited to, the power to accept the ALJ's recommended findings of fact, conclusions of law, and/or agency action, or to reject all or a portion thereof, and render its own findings, conclusions and proposed action on the officer's certification.").

---

1. We reach the merits of this argument because we disagree with the Council's assertion that the issue is moot. *See generally Salt Lake Cnty. v. Holliday Water Co.,* 2010 UT 45, ¶ 21, 234 P.3d 1105 ("The burden of persuading the court that an issue is moot lies with the party asserting mootness." (internal quotation marks omitted)); *Ellis v. Swensen,* 2000 UT 101, ¶ 25, 16 P.3d 1233 ("A case is deemed moot when the requested judicial relief cannot affect the rights of the litigants." (internal quotation marks omitted)).

2. Guenon specifically stated in his request for a hearing that he was "not challenging the ALJ's findings of fact or the evidence submitted at the hearing." Guenon also asserted this position in oral argument before the Council by stating, "We're not . . . saying that [the ALJ] got his facts wrong. He was . . . sitting there first person, he heard everything. And I think he got it absolutely right in his findings and his conclusions."

3. Utah Administrative Code R728–409–18 has been amended since Guenon's hearing. *See* Utah Admin. Code R728–409–18 history (2011). For the purposes of this appeal, we rely on the version in effect at the time of Guenon's hearing.

¶ 3 Guenon also argues that the Council lacked the authority to decide whether he had committed malfeasance because he sought review only for the limited issue of whether the ALJ correctly determined that he had committed nonfeasance. In Guenon's request for a review hearing, he "request[ed] a review of [the ALJ's] second conclusion of law to the extent it relates to the charge of nonfeasance, as well as his recommendation of a six-month suspension." [4] Guenon further argued that the ALJ could not conclude that he had committed nonfeasance when the only charge against him was malfeasance. Given that Guenon requested that the Council review his suspension and that Guenon's request for review did not limit the Council's authority, *see* Utah Admin. Code R728–409–18(J), the Council acted reasonably and rationally in adopting the ALJ's unchallenged findings, concluding that Guenon committed malfeasance rather than nonfeasance, and agreeing with the ALJ's imposition of a six-month suspension of Guenon's peace officer certification. *See generally McKesson Corp.*, 2002 UT App 10, ¶¶ 11, 25, 27–28, 41 P.3d 468.

¶ 4 Based upon the ALJ's factual findings, the Council did not exceed the bounds of reasonableness and rationality in concluding that Guenon had committed malfeasance. *See generally Resort Retainers v. Labor Comm'n*, 2010 UT App 229, ¶ 11, 238 P.3d 1081 (establishing that an agency's determination of its rules is reviewed under the reasonable and rational standard); *Johnson v. Department of Emp't Sec.*, 782 P.2d 965, 968 (Utah Ct.App.1989) ("[W]e will not disturb the Board's application of law to its factual findings unless its determination exceeds the bounds of reasonableness and rationality."). Specifically, malfeasance is defined as "the commission of some act which is wholly wrongful or unlawful that affects, interrupts or interferes with the performance of official duties." Utah Admin. Code R728–409–3(J)(1)(i)(i).

¶ 5 The ALJ made several factual findings that support the Council's conclusion that Guenon committed malfeasance. The ALJ found that to become a Drug Recognition Expert (DRE), an officer must complete the classroom portion and the practical certification phase of a training program. "The classroom portion of the [training is] sometimes referred to as a 'course,'" which has created uncertainty in the use of the term "course." Guenon completed only one part, the classroom portion, of the requirements to become certified as a DRE. The ALJ also found that at least five times, Guenon included the following statement in search warrant affidavits: "I have completed the Drug Recognition Expert (DRE) course given by UHP." Although Guenon did not explicitly state he was certified as a drug recognition expert, his statements "could lead a reasonable person to believe that since he states he has completed the course, he is therefore a certified DRE officer." When testifying in court proceedings, Guenon was "careful to make th[e] distinction between having completed the course and being certified." Based on these factual findings, the ALJ determined that Guenon did not have "any intent to mislead or deceive either a magistrate or others in his written statements," and thus malfeasance had not been established.

¶ 6 However, the Council had the authority to review the ALJ's factual findings and make an independent determination based on those facts about whether Guenon committed malfeasance. *See* Utah Admin. Code R728–409–18(J). The Council acted reasonable and rational in accepting the ALJ's factual findings and determining, based on those findings, that Guenon acted intentionally by signing documents and submitting them to a magistrate. The Council could have reasonably determined that Guenon knew, or should have known, that such a statement was misleading because he would always clarify that he was not certified when he

4. The administrative rule in effect at the time of the request for review stated,

> A request ... will contain all issues which the party wishes to raise [and] must specify whether the party is challenging the ALJ's recommended findings of fact, conclusions of law, and/or agency action. If the party is challenging the recommended findings or conclusions, the request must particularly set forth which findings and/or conclusions it wants reviewed and considered by the council.

Utah Admin. Code R728–409–18(B) (2009).

testified in court proceedings where he would be subject to cross-examination about the accuracy of his certification status.[5]

¶ 7 Finally, the Council was not required to make its own findings of fact because it adopted the ALJ's factual findings. *See id.* (granting the Council the right to render its own findings, conclusions, and proposed action, but not mandating that it exercise that right). The Council stated its conclusion of law in its final order, and because the decision was based on undisputed facts, no further explanation was required.

¶ 8 Guenon also challenges the constitutionality of the statute pursuant to which he was suspended, *see* Utah Code Ann. § 53–6–211(1)(d)(v) (2007),[6] and a portion of the Utah Administrative Code, *see* Utah Admin. Code R728–409–18(J).[7] We do not address these constitutional claims because Guenon did not properly preserve them in his arguments before the ALJ or the Council. *Compare Nebeker v. Utah State Tax Comm'n,* 2001 UT 74, ¶ 20, 34 P.3d 180 ("[P]arties must raise constitutional claims in the first instance before the agency."), *with ABCO Enters. v. Utah State Tax Comm'n,* 2009 UT 36, ¶ 8, 211 P.3d 382 (allowing an appellate court to address a constitutional challenge to a statute that was not "explicitly raised before the administrative agency" when the constitutional challenge is the sole issue raised on appeal). *See also Merrill v. Utah Labor Comm'n,* 2009 UT 74, ¶ 16, 223 P.3d 1099 (discussing both *Nebeker* and *ABCO*'s holdings and stating that *Nebeker* "noted that, despite the tax commission's lack of jurisdiction to determine the constitutionality of legislation, the petitioner's failure to raise the constitutional argument constituted a waiver," and that *ABCO* narrowed the concept of waiver in "that where the 'sole issue on appeal is a facial constitutional challenge to a ... statute, [appellate courts] may address that challenge on appeal even if it has not been explicitly raised before the administrative agency'" (quoting *ABCO,* 2009 UT 36, ¶ 8, 211 P.3d 382)).

¶ 9 Additionally, the only legal support Guenon cites to address the constitutional preservation requirement is a case discussing exhaustion of remedies, *see Hatton–Ward v. Salt Lake City Corp.,* 828 P.2d 1071, 1073 (Utah Ct.App.), *cert. denied,* 843 P.2d 1042 (Utah 1992). However, the Utah Supreme Court has clearly differentiated between the exhaustion of remedies doctrine and the preservation rule. *See Frito–Lay v. Utah Labor Comm'n,* 2009 UT 71, ¶ 32, 222 P.3d 55 ("The preservation doctrine provides that 'issues not raised in proceedings before administrative agencies are not subject to judicial review except in exceptional circumstances.' Thus, a litigant may have exhausted her administrative remedies and properly brought an appeal to a state court but still be limited by the preservation doctrine regarding which issues she could raise before the state court." (citation omitted)). Because Guenon did not properly preserve his constitutional claims before the ALJ or the Council, he waived his constitutional claims, and thus, we do not reach the merits of those claims.

¶ 10 We therefore decline to disturb the Council's decision to suspend Guenon's certification based on malfeasance.

5. *Significantly, as a witness at trial or at a preliminary hearing, if Guenon failed to correct any misunderstanding about his qualifications, his credibility could be compromised. When submitting a search warrant affidavit, however, the affiant's credentials are very rarely questioned by the reviewing magistrate. Thus, the Council could reasonably have concluded that the only reason for Guenon to include the statement that he had completed the DRE course, despite any in-court testimony to clarify that he was not an actual certified expert, was to mislead the magistrate knowing that his credentials would not be challenged.*

6. The legislature removed the subsection that Guenon contends is unconstitutional when the statute was amended in 2010. *See* Utah Code Ann. § 53–6–211(1) & repeals and reenactments (Supp. 2010).

7. Guenon challenges neither the statute that authorized the Division of Peace Officer Standards and Training to make the rules, nor any of the rulemaking processes. *See Nielson v. Division of Peace Officer Standards & Training,* 851 P.2d 1201, 1204 (Utah Ct.App.1993) ("Administrative agencies are statutory creatures that have no more power than that which is expressly or impliedly granted by statute.").

¶ 11 WE CONCUR: CAROLYN B. McHUGH, Associate Presiding Judge, and GREGORY K. ORME, Judge.