IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| Scott P. Brook, | ) | PER CURIAM DECISION |
| | ) | |
| Petitioner, | ) | Case No. 20120045-CA |
| | ) | |
| v. | ) | |
| | ) | F I L E D |
| Division of Peace Officer Standards | ) | (April 26, 2012) |
| and Training, Department of | ) | |
| Public Safety, | ) | 2012 UT App 122 |
| | ) | |
| Respondent. | ) | |

-----

Original Proceeding in this Court

Attorneys: Scott P. Brook, Gunnison, Petitioner Pro Se
Mark L. Shurtleff and Brent A. Burnett, Salt Lake City, for Respondent

-----

Before Judges Orme, Thorne, and Roth.

¶1 Petitioner Scott P. Brook seeks judicial review of a decision of the Peace Officer Standards and Training Council (the Council) imposing a three-year suspension of his certification as a peace officer. We do not disturb that decision.

¶2 The Division of Peace Officer Standards and Training (the Division) and Brook reached a consent agreement during adjudicative proceedings initiated by the Division for purposes of suspending Brook's peace officer certification. *See* Utah Admin. Code R728-409-10(A) (authorizing the Division to reach consent agreements). The Consent Agreement recommended that Brook's peace officer certification be suspended for one year based upon a violation of Utah Code section 53-6-211(1)(d) by engaging in conduct that is a state criminal offense. *See* Utah Code Ann. § 53-6-211(1)(d) (2010). The

Consent Agreement contained a notice that it would be considered by the Council at its next regularly scheduled meeting when Brook could appear and address the Council in person or through an attorney. *See* Utah Admin. Code R728-409-10(D). In the Consent Agreement, Brook agreed not to contest the allegations in the notice of agency action; acknowledged that the Division could meet its burden of proving each of the allegations; waived the right to a hearing before an administrative law judge; and acknowledged that the sanctions recommended by the Division in the Consent Agreement were not binding on the Council. The Consent Agreement also stated, "You further acknowledge and agree that if the Council does not accept the recommendations contained in this Consent Agreement and imposes a different sanction, you shall be bound by the Council's Final Order." Brook certified, "I understand that the recommendations contained in this agreement are not binding upon the Council and I agree to accept the terms in the Final Order that shall be issued by the Council."

¶3     The Council considered the Consent Agreement at its December 2011 meeting. Brook did not address the Council in person or through an attorney. In a Final Order dated December 16, 2011, the Council rejected the Division's recommended sanction and, "based on the aggravating circumstances of the case, voted to impose a three-year suspension," effective March 12, 2011. The aggravating circumstances stated on the record included "premeditation," "intent to defraud," the fact that multiple items were involved in the retail theft offense, and "willful dishonesty."

¶4     Under applicable administrative rules, the Division presents any consent agreement to the Council for review, *see id.* R728-409-16(A), and the Council "shall determine whether suspension or revocation of . . . peace officer certification is appropriate based upon the facts of the case and the [Police Officer Standards and Training] Disciplinary Guidelines," *id.* R728-409-16(C). The Council chairperson issues a final order indicating the action taken. *See id.* R728-409-17.

¶5     Before this court, Brook challenges the Council's rejection of the Division's recommendation of a one-year suspension and the imposition of a three year suspension. Brook does not claim that he did not knowingly or voluntarily enter into the Consent Agreement and does not challenge the process used by the Council in

reaching its final order.[1] Although Brook implicitly challenges the finding of aggravating circumstances, he did not assert that challenge in the agency proceedings and therefore has not preserved it for our consideration. *See Guenon v. Division of Peace Officer Standards & Training*, 2011 UT App 105, ¶ 8, 251 P.3d 851 (mem.) (stating that this court will not consider claims not properly preserved before the agency). In the Consent Agreement, Brook waived his right to contest the allegations forming the basis for the agency action, acknowledged that the Council was not bound by the Division's recommendation, and agreed to be bound by the Council's final order. Accordingly, we do not disturb the Council's decision.

_____
Gregory K. Orme, Judge


_____
William A. Thorne Jr., Judge


_____
Stephen L. Roth, Judge

---

[1]The Council's memorandum filed in response to our sua sponte motion for summary disposition argues that the disciplinary guidelines incorporated by its administrative rules are advisory and not mandatory. Brook did not raise that issue before the agency or this court. Accordingly, the issue is not properly before us and we do not reach its merits. Nothing in this decision shall be construed as a determination of issues regarding the advisory or mandatory nature of the disciplinary guidelines.